**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Yvette Vigilance,<br><br>　　　　　　　　　　Plaintiff,<br>　-v-<br><br>Bridge Street Development Corporation, and Justworks, Inc.<br><br>　　　　　　　　　　Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Yvette Vigilance ("Plaintiff" or "Vigilance"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of the Defendants Bridge Street Development Corporation and Justworks, Inc. (collectively "Defendants") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that she was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid overtime and non-overtime wages, unlawful wage deductions, and separation/severance pay, under Article 6 of the New York Labor Law including Section 191, 193, 198, 198-C, and maximum compensation for not receiving

1

notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff also complains that she was terminated and discharged in discrimination and retaliation by Defendant because, in good faith, she complained of and opposed Defendant's requirement to continue working at Defendants' offices in violation of the public safety Covid-19 stay at home and work from home orders of New York State and New York City. Such retaliatory termination violates NYLL § 740 and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York (EDNY) pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Yvette Vigilance ("Plaintiff" or "Vigilance") is an adult, over eighteen years old, who currently resides in Kings County (Brooklyn) in the State of New York.

9. Upon information and belief, and at all times relevant herein, defendant Bridge Street Development Corporation ("BSDC") was a New York corporation with its principal place of business located at 460 Nostrand Avenue Brooklyn, NY 11216, where Plaintiff was employed.

10. Upon information and belief, and at all relevant times herein, defendant BSDC provided a variety of real estate and related services to the public. See https://www.bsdcorp.org/

11. Upon information and belief, and at all times relevant herein, Defendant Justworks, Inc. ("Justworks") was a business corporation, with its principal place of business at 601 W 26th St, New York, NY 10001.

12. At all times relevant herein, defendant Justworks was a Professional Employer Organization – acting as a joint employer to companies across the United States, including defendant BSDC – providing a variety of management functions as a joint employer. The PEOCompare.com website which lists defendant Justworks describes a PEO like defendant Justworks as follows:

> The partnership of a business and a PEO is called co-employment, which means that **the business's employees also become the PEO company employees**. This allows the business to offset some of its liabilities. Co-employment also allows the client's managers to focus their time and effort on day-to-day tasks like growing the company and generating revenue

13. Defendant Justworks and defendant BSDC were listed on Plaintiff's paystub.

14. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly, controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

15. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

16. Upon information and belief, and at all relevant times herein, Defendants, individually and jointly, employed over 75 employees.

17. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendants, individually and jointly, from on or about November 9, 2009 to on or about June 30, 2020.

18. At all times relevant herein, Plaintiff performed a variety of office, clerical and data entry work in Defendants' Human Resources office.

19. At all times relevant herein, Plaintiff was an hourly employee of Defendant and her last regular hourly rate of pay was about $28.35 an hour.

20. At all times relevant herein, Plaintiff worked about 50-60 hours or more each week for Defendants, 5-6 days a week.

21. At all times relevant herein, Plaintiff was not paid for about 10-15 or more overtime hours (hours over 40 in a week) each week during her employment with Defendants. Plaintiff was not paid at all for about three 5-6 hours/overtime hours each week because Plaintiff did not receive a bona-fide meal period within the meaning of the FLSA and NYLL due to the nature and demands of her job with Defendant. In addition, Plaintiff was not paid at all for about 10-15 overtime hours each week for working beyond her schedule due to the nature and demands of her job as required by Defendants.

22. During her employment with Defendants, Plaintiff was misclassified by Defendants as overtime exempt and it was only in or around February 2020, that Defendants notified Plaintiff that Defendants had improperly classified Plaintiff as overtime exempt. However, as also set forth above, Defendants continued in their failure to pay Plaintiff required overtime wags through a variety of other means.

23. A more precise statement of the hours and wages may be made when Plaintiff Vigilance obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

24. In or around February 2020, the Covid-19 Coronavirus pandemic began posing a serious public health and public safety threat to New York State and its residents as well as the residents of other states and countries. In response to the Covid-19 pandemic and the threat to the public it caused, New York State and New York City issued a series of orders requiring the closure of non-essential businesses and requiring that non-essential workers and employees like Plaintiff stay at home and/or work from home/telecommute.

25. At all times relevant herein, Plaintiff was a non-essential employee of Defendants for purposes of the stay/work at home orders issued by New York State and New York City. Plaintiff performed a variety of clerical functions for Defendants which could have been performed from home using telephone, internet and software systems. In fact, upon information and belief, other employees of Defendants doing similar types of work were allowed to work from home.

26. On or about March 26, 2020, Plaintiff requested from Defendants permission to work from home, as required by closure, work at home, and other public safety orders issued by New York State and New York City, and so that she could protect her health and the health of others. However, Defendants denied Plaintiff's request and she was forced to work at Defendants' offices – the tension created by Plaintiff's request to work from work and Defendant's opposition to such request in violation of New York's orders and rules, continued and intensified and eventually resulted in Plaintiff's termination by Defendants in June 2020.

27. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for all hours worked in excess of forty hours in a week.

28. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

29. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s)

required by NYLL 195(3) - the statements provided to Plaintiff did not reflect all rates of pay including Plaintiff's overtime rates of pay, nor all wages earned, among other deficiencies.

30. Upon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

31. Upon information and belief and at all times applicable herein, Defendants, individually and/or jointly, conducted business with vendors and other businesses outside the State of New York.

32. At all times applicable herein and upon information and belief, Defendants, individually and/or jointly, conducted business outside the State of New York involving the purchase of equipment and other essential materials and supplies.

33. At all times relevant herein, Defendants as a regular part of their business, made payment of taxes and other monies to agencies and entities outside the State of New York.

34. At all times relevant herein, Defendant as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

35. At all times applicable herein and upon information and belief, Defendants, individually and/or jointly, transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

36. At all times applicable herein and upon information and belief, Defendants, individually and/or jointly, utilized the instrumentalities of interstate commerce such as the United States mail, internet, electronic mail and telephone systems.

37. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by 29 CFR 516 and 12 NYCRR 142-2.8.

38. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform

Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

39. All times applicable or relevant herein refers to the period of Plaintiff's employment with each and/or both Defendants.

40. "Plaintiff" as used in this complaint refers to the named Plaintiff.

41. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

42. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC § 201 et Seq.

44. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

45. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

46. At all times relevant herein, Defendants, individually and/or jointly, failed and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

47. Due to Defendants' FLSA overtime violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, her unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

48. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 46 above as if set forth fully and at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

50. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

51. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, her unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 198 and 198-C)

52. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 51 above with the same force and effect as if fully set forth at length herein.

53. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, 198 and 198-C and the applicable regulations thereunder.

54. At all times relevant herein, Plaintiff was entitled to severance/separation pay from Defendants pursuant to the terms and conditions of her employment with Defendants including Defendants' severance/separation plan/policy. The severance/separation pay due to Plaintiff based on her years of employment with Defendants as well is about $10,914.75 – Plaintiff seeks recovery of these severance/separation benefits in this action.

55. At all times relevant herein, and at the time of her employment termination by Defendants, Plaintiff was entitled to accrued paid time off, including vacation and other benefits from Defendants, individually and/or jointly, which she also seeks to recover in this action.

56. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193, 198, and 198-C by failing to pay Plaintiff all her wages including her non-overtime wages, overtime wages (FLSA and NYMWA), separation/severance pay/benefits, accrued paid time/benefits, within the time required under NY Labor Law § 190 et seq.

57. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

58. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

**Relief Demanded**

59. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, 198 and 198-c, Plaintiff is entitled to recover from Defendant, her entire unpaid wages, including her non-overtime wages, overtime wages, (FLSA and NYMWA), separation/severance pay/benefits, accrued paid time/benefits, wage deductions, maximum liquidated damages – including maximum liquidated damages on all wages paid later than weekly in violation of NYLL 191(1)(a)(i), prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION
## RETALIATION/DISCRIMINATION - NYLL § 740

60. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 59 above as if set forth fully and at length herein.

61. At all times relevant herein, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor Law §§ 2, 740 and 651 and the regulations thereunder.

62. At all times relevant herein, Defendants, individually and/or jointly, were covered persons or entities within the meaning of New York Labor Law §§ 2, 740 and 651 and the regulations thereunder.

63. Defendants, individually and/or jointly, discharged/terminated Plaintiff's employment with them in retaliation and discrimination and in violation of the NYLL § 740, because Plaintiff engaged in protected activity such opposing in good faith, Defendants' violation of the stay/work at home orders issued by New York State and/or New York City to protect the health of the public with respect to workers like Plaintiff – by requiring Plaintiff to report to work at Defendants' physical location.

**Relief Demanded**

64. Defendants' New York Labor Law § 740 violations, have caused and proximately caused

10

Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendants all available damages, including her lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 740.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief in favor of Plaintiff and against Defendants, individually and/or jointly:

65. Declare Defendants (including their overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

66. As to the **First Cause of Action**, award Plaintiff her unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

67. As to the **Second Cause of Action**, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

68. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including her entire unpaid overtime wages, (FLSA and NYMWA), wage deductions, maximum liquidated damages - including maximum liquidated damages on all wages paid later than weekly in violation of NYLL 191(1)(a)(i), prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

69. As to his **Fourth Cause of Action**, award Plaintiff all damages available and recoverable under NYLL § 740, including her lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 740;

11

70. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

71. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
         July 21, 2020**

Respectfully submitted,


Abdul Hassan Law Group, PLLC


/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com